UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO. **0:18cv63107**

MATTHEW 25 MINISTRIES, INC.,
A Florida Not-For-Profit Corporation,

    Plaintiff,

v.

RICHARD L. SWEARINGEN, in
his official capacity as Commissioner
of the Florida Department of Law
Enforcement,

    Defendant.

_____/

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Nature of the Case and Jurisdiction

1.    This is an action challenging the Constitutionality of certain *in-person* registration requirements contained in Florida Statutes §940.0435 and §775.21 (herein collectively referred to as "the Registration Statutes") under the United States and Florida Constitutions and 42 U.S.C. §1983.

2.    Plaintiff Matthew 25 Ministries, Inc., brings this action on behalf of itself, on behalf of the residents of City of Refuge (f/k/a Miracle Village), and as named representatives of a putative class comprised of all persons required to register in the State of Florida pursuant to F.S. §940.0435 and

1

§775.21 (herein collectively referred to as "Persons Required to Register" or "registrants") who are subject to the in-person registration requirements contained in the Registration Statutes.

3.  Plaintiff bring this civil rights action seeking declaratory and injunctive relief against Defendant, Richard L. Swearingen, in his official capacity as Commissioner of the Florida Department of Law Enforcement ("FDLE"), to secure the rights of Persons Required to Register to be free from deprivations of liberty without due process of law, and to be free from ex post facto laws.

4.  In addition, Plaintiff bring this action to vindicate Persons Required to Register's right to travel as guaranteed by Article I, Section II of the Florida Constitution.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6.  This Court has supplemental jurisdiction over Plaintiffs' State Constitutional claim pursuant to 28 U.S.C. § 1367(a).

7.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

8.  Venue properly lies within this District under 28 U.S.C. § 1391(b), because Plaintiff is in the Southern District of Florida.

**Parties**

9.  Plaintiff is a Florida not-for-profit corporation located in Palm Beach County, Florida.

10. As described in Wikipedia[1], Plaintiff (a/k/a "Miracle Village) *"is a community on Muck City Road, about three miles east of Pahokee, Florida, that serves as a haven for registered sex offenders. (In 2014, the name was officially changed to City of Refuge, but it is still generally*

---

[1] https://en.wikipedia.org/wiki/Miracle_Village_(community)

*referred to as Miracle Village.) It is arguably "in the middle of nowhere": rural, surrounded by sugar cane fields, in the most isolated and poorest part of Palm Beach County, "where no tourist ever goes". It is a 40-minute drive to get to a supermarket. The site was chosen because of its isolation; given that, the sex offender residence restrictions do not apply." The complex of 54 duplexes and six family homes is operated by Matthew 25 Ministries, an organization with the stated goal of providing prison aftercare.*

11.     Over 100 Persons Required to Register live at Matthew 25 Ministries. Many are no longer on probation but are still subject to the challenged *in person* reporting requirements contained in the Registration Statutes and are harmed by their enforcement, as are tens of thousands of other Persons Required to Register across the State of Florida.

12.     "*It has long been settled that an organization has standing to sue to redress injuries suffered by its members without a showing of injury to the association itself and without a statute explicitly permitting associational standing.*" *Doe v. Stincer*, 175 F. 3d 879 - Court of Appeals, 11th Circuit 1999. "*Even in the absence of injury to itself, an association may have standing solely as the representative of its members.*" *Warth v. Seldin*, 422 U.S. at 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The Supreme Court of the United States stated that *"[t]he association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit… So long as this can be established, and so long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable . . ., the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction.*" *Id*. Plaintiff makes such allegation.

13.     Defendant, Richard L. Swearingen, is the Commissioner of the Florida Department of Law

Enforcement, which is the state agency organized under Florida Statute §20.01. He is sued in his official capacity. Pursuant to Florida Statute §940.0435 the FDLE is charged with enforcement of the statute and the registry.

## Relevant History

14. Florida, like all States and Territories in the United States, has established a registry for those deemed "sexual offenders" and "sexual predators".

15. Florida's sex offender registration laws came into effect on October 1, 1997.

16. When first enacted, persons convicted of certain enumerated offenses were required to report one-time, *in person*, to the Sheriff's office in the county of residence within 48 hours after establishing a permanent or temporary residence in Florida.

17. If the person's residence would change, they would have to report, *in person*, at a drivers' license office within 48 hours of any change in residence.

18. Short-term vacation or business travel was not considered a change in residence.

19. Absent an actual relocation, the only further *in person* reporting requirements were when the individual's drivers' license required renewal.

20. Substantial changes to the registration statute were made in 1998, and again in 1999, and again in 2000, and again in 2002, and again in 2004, and again in 2005, and again in 2006, and again in 2007, and again in 2009, and again in 2010, and again in 2012, and again in 2014, and again in 2016, and again in 2018.

21. These changes have increased the number of offenses requiring registration, increased the quantity of information a registrant is required to register and, of specific concern to this action,

increased the number and frequency of reporting requirements that **MUST** be made *in person* beyond an individual's regular 90-day or six-month re-registration.

22. The 2018 version of the Registration Statute (a copy of which is attached hereto as EXHIBIT A) requires that a registrant MUST report *in person*:

a. To the Sheriff, for initial registration within 48 hours of establishing a residence in Florida or being released from incarceration (F.S. 943.0435(2)(a); 775.21(6)(e)); and

b. Also to the DHSMV, *in person*, within 48 hours of initial *in person* registration at the Sheriff's office (F.S. 943.0435(2)(b); 775.21(6)(f)); and

c. To the Sheriff, *in person*, every 6 months or 90 days - depending on offense of conviction (F.S. 943.0435(a)-(b); 775.21(8)(a)), so long as the individual is not transient. If the individual is transient, regardless of the offense of conviction, they must report *in person* monthly (F.S. 943.0435(4)(b)2; 775.21(6)(g)2 b); and

d. To the Sheriff, *in person,* within 48 hours of any change in *interstate* permanent, temporary or transient residence (F.S. 943.0435(7); 775.21(6)(i)). All changes in connection with temporary vacation or business travel for three (3) or more days now require *in person* registration; and

e. To the Department of Highway Safety and Motor Vehicles (driver's license office) AND TO THE SHERIFF, *in person,* within 48 hours of any change in *intrastate* permanent, temporary or transient residence or "each time a sexual offender's driver license or identification card is subject to renewal, and, without regard to the status of the offender's driver license or identification card, within 48 hours after any change in the offender's permanent, temporary, or transient residence" (F.S. 943.0435(4)(a); (6)(g)1). All changes in connection with temporary vacation or business travel for three (3) or more days, as of 2018, require *in person* registration; and

f. To the Sheriff, *in person,* at least 21 days prior to any change in permanent, temporary or

transient residence if said change will be *international*. All changes in connection with temporary international vacation or business travel regardless of duration now require *in person* registration (F.S. 943.0435(7); 775.21775.21 (6)(i)); and

g.  To the Sheriff, *in person,* within 48 hours of any change in vehicles owned, which includes vehicles owned by any cohabitant or visitor for 5 or more days at the same physical address (F.S. 943.0435(2)(b)(3); 775.21(6)(a)1.d); and

h.  To the Sheriff, *in person,* within 48 hours of establishing a work or school address in Florida; and the all encompassing

i.  To the Sheriff, *in person,* within 48 hours of any change to *any* of the individual's registration information.

23.  In essence, a three day business trip could require a Person Required to Register to take an extra day off work so they can accommodate the time it takes to travel to and wait in line so they can appear, *in person*, at **both** the one registration office designated by their local County Sheriff's office **and** at a local Driver's License office.

24.  Failure to report, *in person*, for any of the above is a <u>strict liability, third-degree felony</u>, punishable by a minimum mandatory sentence of six (6) months' probation with GPS monitoring, and a maximum of five (5) years in prison.

25.  The 2018 version of the Statute is particularly onerous because it (a) reduced the number of days for interstate and intrastate travel that require *in person* registration (from 5 days to only 3 days), and (b) it imposed a mandatory minimum sentence for violations.

26.  The reduction in days in the 2018 statute imposes a greater burden on Plaintiffs because it reduces the time buffer they previously had (by 40%) and made compliance impossible in certain circumstances because registration offices in most Counties are closed for periods longer than 48

hours. The mandatory minimum sentence to include GPS monitoring, also added in 2018, greatly increased the legal jeopardy plaintiffs are put into should they fail to report *in person or* should *in person* reporting be impossible under the circumstances.

### Registration Locations

27. To accommodate the reporting requirements that must be made ***in person*** to the County Sheriffs', there is only one (1) single designated registration location per County. (See EXHIBIT B)[2].

28. Five of the registration locations are located at County Jails, including Palm Beach County - where Plaintiff is located.

29. Only 6 of the registration locations are open after-hours (regular work hours) or on weekends.

30. Reporting at all the other locations must be done weekdays, during business hours and in cases where registrants are employed with regular work hours, requiring them to take time off work so they can report *in person*.

31. Of all the County registration offices; only four are open 7 days a week. 40 are open five days a week, 5 are open four days a week, 7 are open three days a week, 9 are open twice a week, two are only open one day per week.

32. Plaintiff and its more than 100 resident registrants must report to the Stockade Jail in West Palm Beach for *in person* reporting.

33. Plaintiff's County reporting office is open only Monday through Friday, 8:00AM - 3:45pm.

---

[2] https://offender.fdle.state.fl.us/offender/Documents/REREGISTRATIONLOCATIONS.pdf

34. In 63 of the 67 counties in Florida there will be circumstances where it would be impossible to comply with the 48 hour *in person* registration requirement because there are periods in excess of 48 hours when their registration office will not be open. For example; If a registrant in Manatee County rents a vehicle on Saturday, he will be unable to comply with F.S. 943.0435(2)(b)(3) which requires him to register that vehicle within 48 hours, because their County registration office will only re-open on Tuesday. Or, if a registrant living at Matthew 25 Ministries needs to travel to New York for a family emergency that occurred on Friday after 3:45 PM, he will be unable to leave until Monday morning at the earliest, because he will otherwise be unable to comply with F.S. 943.0435(7), which requires him to report interstate travel at the Sheriff's office, *in person*, within 48 hours.

35. Defendant, in an April 12, 2018 memo to 'Florida Criminal Justice Agencies' (see EXHIBIT C) recognized that the days and hours available for registrants to report under the increased reporting requirements might render the new requirements impossible to comply with and may "necessitate a modification in the hours the agency provides registration services."

36. Despite recognizing that compliance might "necessitate" a modification in hours, in response to Defendant's memo <u>no changes</u> have been made to the days and hours available for registration to accommodate the new law.

37. The Registration Statutes provide no exceptions to accommodate a County's Sheriffs' Office hours or days of operation, the Driver's License Offices' hours or days of operation, closures for national holidays, natural disasters such as hurricanes or personal emergencies such as an unexpected death or illness of a family member or personal hospitalization.

38. Violation of the in-person reporting requirement is a **third-degree felony** carrying a mandatory minimum sentence including mandatory GPS monitoring.

39. The DHSMV offers an online portal through which non-registrants can report address changes (https://services.flhsmv.gov/virtualoffice/) but Persons Required to Register cannot make changes online as the Statute requires changes be made *in person*.

40. Some registration offices charge a fee to report in person. For example; Duval County charges registrants a $25 fee and failure to pay that fee is a Class D offence (Ord. 2005-1498-E, § 1; Ord. 2010-836-E, § 4; Ord. 2017-194-E , § 1; Ord. 2017-665-E, § 32).

41. Duval County also requires that individuals be subjected to a mandatory pat down search every time they report *in person*. Thus, for a registrant to satisfy the required *in person* registration requirement, they are obligated to consent to being frisked, a deprivation of their right to privacy and an action that the Supreme Courts of the United States and of Florida held may only be required (absent probable cause) when "a law enforcement officer, for his own protection or the safety of others, may conduct a pat down to find weapons that he reasonably believes or suspects are then in possession of the person." *State v. Webb*, 398 So. 2d 820 - Fla: Supreme Court 1981. see also: *Terry v. Ohio*, 392 U.S. at 21-22, 88 S.Ct. at 1880

42. The DHSMV also charges a fee of $6.25 each time an individual appears to report a change *in person*.

43. To comply with the *in-person* requirement, Persons Required to Register residing at Matthew 25 Ministries must travel to the designated County registration office, which is a sixty (60) mile round-trip taking approximately 45 minutes, each way, for those who have a car.

44. For those who do not have a car, the closest access to public transportation is three (3) miles away.

45. Because the residents at Matthew 25 Ministries live in shared housing (as do many Persons Required to Register throughout Florida), they are required to report *in person* not only for their

own changes but for certain changes in a roommate's information. For example, if a new person moves into a unit or changes vehicles, all three roommates must report *in person* within 48 hours to the registration office to register that vehicle.

46. To meet the frequent *in person* registrations, many residents of Matthew 25 Ministries must take time off work since the registration location in Palm Beach County is only open weekdays and during work hours.

47. Registrants in Duval County, for example, are required to consent to a pat down search, whenever registering (see EXHIBIT D) and effective October 1, 2016, Duval County requires registrants make an appointment, in advance, for their *in person* reporting. (see Exhibit E)

48. The 2018 Amendment to the Registration Statute is particularly damaging to Plaintiffs and Persons Required to Register because it reduced the reportable days for "temporary residences" to three (3) days (see EXHIBIT F). Where in prior years, personal or business travel (in addition to regular re-registration) would only be required for absences of five or more days, now it's three days, thereby requiring even more frequent *in person* reporting.

## Constitutionality of In Person Registration Schemes

49. In 2003, Alaska's registration scheme was challenged to the Supreme Court of the United States in *Smith v. Doe*, 538 US 84 - Supreme Court (2003).

50. The Supreme Court upheld the Constitutionality of the Alaska registry, finding, "*The Alaska statute, on its face, does not require these updates to be made in person. And, as respondents conceded at the oral argument before us, the record contains no indication that an in-person appearance requirement has been imposed on any sex offender subject to the Act.*" Id.

At 101

51. The *Smith* Court found the Alaska statute did not involve an affirmative disability or restraint partly due to the fact it does not require in-person updates. *Smith*, 538 U.S. at 102, 123 S.Ct. 1140.

52. Some state courts have found in-person requirements to be a restraint. See *State v. Letalien,* 985 A.2d 4, 18 (Me.2009) (finding that a quarterly, in-person reporting requirement for the remainder of an offender's life "is undoubtedly a form of significant supervision by the state" that "imposes a disability or restraint that is neither minor nor indirect"); *Starkey v. Oklahoma Dept. of Corrections*, 305 P.3d 1004, 1022 (Okla.2013) (finding that "the affirmative 'in person' registration and verification requirements alone cannot be said to be minor and indirect'"); *Doe v. State*, 189 P.3d 999, 1009 (Alaska 2008) (finding that the registry scheme "compels affirmative post-discharge conduct," its "duties are significant and intrusive," and the time periods are "intrusive").

53. The Pennsylvania Supreme Court distinguished their SORNA from that in *Smith v. Doe* and held that distinction important. (*Commonwealth v. Muniz*, 164 A. 3d 1189 - Pa: Supreme Court 2017) finding as they did in *Com. v. Perez*, 97 A. 3d 747 - Pa: Superior Court (2014) that the mandatory *in-person* verification requirement not only creates an affirmative restraint upon the registrant, but also greatly resembles the periodic meetings with probation officers imposed on probationers.

54. These courts found the minimum in person regular annual or quarterly re-registration to constitute an affirmative disability or restraint, but those only consider the minimum number of times appellant will have to appear in person, and do not account for the times they must appear due to "free choices" including "moving to a new address or changing his appearance[.]"[18] See

11

42 Pa.C.S. § 9799.15(g); *Perez*, 97 A.3d at 754.

55. Here the Plaintiff is not challenging the regular re-registration for which Persons Required to Register must report *in person* every six months or ninety days, but the extra *in person* reporting they must comply with due to free choices such as changing vehicles, vacation or business travel or even involuntary choices, such as a cohabitant changing vehicles or emergency situations, such as evacuation for a natural disaster, hospitalization or emergency travel, which can easily be reported online or by telephone and supply the State with the exact same information they would provide *in person*.

56. These extra *in person* reporting requirements are in many cases *impossible* to comply with.

57. These extra *in person* reporting requirements are horribly burdensome, time consuming, expensive and inconvenient, without being counterbalanced by any positive effects and for no legitimate public safety reason.

58. The 6th Circuit, in *Does 1-5 v. Snyder*, 834 F. 3d 696 - Court of Appeals, 6th Circuit 2016, (Certiorari denied) found that, "*The requirement that registrants make frequent, in-person appearances before law enforcement, moreover, appears to have no relationship to public safety at all.*" *Id.* At 705.

59. While other circuits have ordinarily held that *in-person* reporting requirements are not considered punitive, those cases considered the regular *in person* registration and re registration but not the myriad of extra conditions which require a registrant to report *in person* that Florida now requires under threat of a third-degree felony carrying a mandatory minimum sentence.

60. Action that has the effect of curtailing the freedom to associate is subject to the closest scrutiny. *NAACP v. Alabama ex rel. Patterson*, 357 US 461 - Supreme Court (1958).

61. "[T]he "constitutional right to travel from one State to another" is firmly embedded in our

jurisprudence. *United States v. Guest,* 383 U.S. 745, 757 (1966). Indeed, as Justice Stewart reminded us in *Shapiro v. Thompson*, 394 U.S. 618 (1969), the right is so important that it is "assertable against private interference as well as governmental action . . . a virtually unconditional personal right, guaranteed by the Constitution to us all." *Id.*, at 643. *Saenz v. Roe*, 526 US 489 - Supreme Court (1999).

62. Whenever a fundamental right is being threatened by a law, strict scrutiny shall apply.

63. To survive strict scrutiny, the government must prove the challenged law is both narrowly tailored and the least-restrictive means available to further a compelling governmental interest.

64. The State's compelling interest in requiring registration is public safety and preventing sex offenses. *Johnson v. State*, 795 So. 2d 82 - Fla: Dist. Court of Appeals, 5th Dist. (2000).

65. *In person* reporting of the very same information which can otherwise be reported online, in writing or by telephone, will not prevent sex offenses or promote public safety.

66. Requiring individuals to report, *in person*, often having to take time off work, travel to multiple locations (such as the Sheriff and also DHSMV), be subjected to pat down searches, wait in long lines and pay fees, is neither narrowly tailored, nor the least-restrictive means for the State to collect the information it requires.

## Count One
## The *In-Person* Component of the Registration Statutes
## is an Unconstitutional Ex Post Facto Law

67. The allegations of paragraphs 1 through 66 are incorporated by reference as if fully set forth here.

68. The Ex Post Facto Clause of Article I, Section IX of the U.S. Constitution prohibits Florida from retroactively increasing an individual's punishment beyond that authorized by the law in

effect at the time the offense was committed.

69. The addition of these multiple *in person* reporting requirements implemented as part of the fourteen amendments to the Registration Statutes over the past 21 years are applied against Persons Required to Register irrespective of the date the individual committed the offense.

70. Even under probation, Persons Required to Register did not have to report *in person* to their probation officer when travelling for business or vacation.

71. Regardless of the legislative intent of the Statute, the retroactive application of the Statute on Plaintiff and Persons Required to Register violates the Federal Ex Post Facto Clause because its debilitating effects imposes a disability or restraint that is neither minor nor indirect.

## Count Two
## The In-Person Component of the Registration
## Statutes Violates the First Amendment

72. The allegations of paragraphs 1 through 71 are incorporated by reference as if fully set forth here.

73. The Registration Statutes violate the First Amendment right to freedom of association in that it prohibits Persons Required to Register from traveling except upon providing 48 hours' *in person* notice, where in many cases *in person* notice is impossible to comply with because the State fails to require all County registration locations and Driver's License offices be open to accommodate the required *in person* notice.

## Count Three
## The In-Person Component of the Registration
## Statutes Violate the Right to Travel

74. The allegations of paragraphs 1 through 73 are incorporated by reference as if fully set forth here.

75. Article I, Section II of the Florida Constitution guarantees the right to interstate and intrastate travel.

76. The Statute, with its prohibition on travelling except with 48 hours *in person* notice, where not all Counties and Driver's License offices afford the opportunity to provide 48 hours *in person* notice inhibits the ability of Persons Required to Register to travel.

## Count Four
## The In-Person Component of the
## Registration Statutes is Irrational

77. The allegations of paragraphs 1 through 76 are incorporated by reference as if fully set forth here.

78 Requiring Persons Required to Register to report *in person* beyond biannual or quarterly re-registration and for so many arbitrary reasons does not advance a compelling state interest, is not narrowly tailored to achieve any compelling interest and is not the least restrictive manner of achieving any such interest.

79. The State maintains an online reporting portal for items such as internet identifiers, which is available 24/7/365. There is no reason most items that currently require *in person* reporting, such as vacations, business trips or changes in vehicles cannot be reported through a similar method online or via telephone.

## **Relief Requested**

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Declare the provisions of Fla. Stat. § 943.0435 and §775.21 that require Persons Required to Register to report *in person* (aside from regular 90 day or six-month re-registration) unconstitutional in violation of the Ex Post Facto Clause of Article I, Section IX of the U.S. Constitution; and

b) Declare the provisions of Fla. Stat. § 943.0435 and §775.21 that require Persons Required to Register to report *in person* (aside from regular 90 day or six-month re-registration) unconstitutional in violation of the First Amendment right to freedom of association; and

c) Declare the provisions of Fla. Stat. § 943.0435 and §775.21 that require Persons Required to Register to report *in person* (aside from regular 90 day or six-month re-registration) unconstitutional in violation of Article I, Section II of the Florida Constitution, which guarantees the right to interstate and intrastate travel; and

d) Preliminarily and permanently restrain and enjoin the Defendant, including all of Defendant's officers, agents, servants, employees, attorneys, and other persons in active concert or participation with Defendant, from requiring Persons Required to Register to report *in person* (aside from regular 90 day or six-month re-registration); or

e) Compel Defendant to require all county registration locations and DHSMV offices to remain open 24/7/365 to accommodate *in person* registration; or

f) Compel Defendant to enable reporting of vehicle changes, business travel, vacation travel and other events that currently require *in person* reporting (aside from regular 90 day or

six-month re-registration), via the online system maintained by the Florida Department of Law Enforcement or via telephone; and

g) Award Plaintiffs their costs and fees, including reasonable Attorneys fees, in bringing this action; and

h) Grant such other and further relief as this Court deems just and proper in the circumstances.

RESPECTFULLY SUBMITTED: December 19, 2018

                               Ron M. Kleiner, Esq.
                               Attorney for Plaintiff
                               Law Offices of Ron M. Kleiner, Esq.
                               1717 SE 4th Avenue
                               Ft. Lauderdale, Florida 33316
By:   *s/ Ron M. Kleiner*
                               Ron M. Kleiner, Esquire
                               Florida Bar No. 115139
                               Tel: 954-540-0170
                               kleinerlawoffice@gmail.com